**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN BROWN,**

                          **Plaintiff,**

    **vs.**                                       **5:14-cv-725
                                                       (MAD/ATB)**

**CAROLYN W. COLVIN,** *Acting Commissioner of
Social Security*,

                          **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**STANLEY LAW OFFICES**                **JAYA A. SHURTLIFF, ESQ.**
215 Burnet Avenue
Syracuse, New York 13203
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **GRAHAM MORRISON, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On March 2, 2011, Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB") and an application for Supplemental Security Income ("SSI"), alleging disability beginning December 27, 2010. *See* Administrative Transcript ("T.") at 13, 102-114. The applications were denied initially on June 2, 2011. *See id.* at 53-54, 55-58. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on August 6, 2012. *See id.* at 30-52. On March 5, 2013, the ALJ found that Plaintiff was disabled from December 27, 2010, but that his disability ended as of November 1, 2012. *See id.* at 13-23. On May 8, 2014, the

ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See id.* at 1-7.

On June 16, 2014, Plaintiff commenced this action challenging the ALJ's decision. *See* Dkt. No. 1. In his brief, Plaintiff raised the following arguments: (1) the ALJ erred in finding that Plaintiff was not disabled as of November 1, 2012; (2) the ALJ erred in assessing Plaintiff's credibility; and (3) the ALJ erred at Step Five because the hypothetical question posed to the vocational expert was not a complete and accurate portrayal of Plaintiff's limitations. *See* Dkt. No. 10. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. *See* Dkt. No. 11.

In a July 2, 2015 Report-Recommendation, Magistrate Judge Baxter recommended that the Court should reverse the Commissioner's decision and remand for further proceedings. *See* Dkt. No. 12. Specifically, Magistrate Judge Baxter found that the ALJ's determination that Plaintiff's condition improved prior to November 1, 2012 was not supported by substantial evidence. *See id.* at 20-22. Next, Magistrate Judge Baxter held that the Appeals Council erred in concluding that Plaintiff's medical records from January and April 2013 were irrelevant to the ALJ's finding of medical improvement, "particularly since he mentioned in his decision that there were no reports 'after' November 1, 2012." *Id.* at 24-25. Next, Magistrate Judge Baxter found that, if the Court remands this matter, the Commissioner should reassess its findings regarding Plaintiff's credibility on the basis of the 2013 records. *See id.* at 26-27. Finally, Magistrate Judge Baxter recommended that the Court remand this matter for additional proceedings, as opposed to reversing with a remand for calculation of benefits, because substantial evidence did not support the ALJ's decision, the ALJ did not have the opportunity to review the 2013 medical records, and

2

the ALJ improperly discounted Plaintiff's credibility. *See id.* at 31. Neither party has filed objections to Magistrate Judge Baxter's July 2, 2015 Report-Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Baxter's Report-Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings. As Magistrate Judge Baxter correctly found, the ALJ's decision that Plaintiff was no

longer disabled after November 1, 2012 was not supported by substantial evidence.  Further, the medical records from January and April of 2013 were clearly relevant to the ALJ's finding, especially considering that the ALJ specifically noted that there were no medical reports from after November of 2012.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's July 2, 2015 Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Baxter's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 22, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge